## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

IN RE:

CHRISTOPHER D. WYMAN,

      Debtor.

Case No. 15-12031
Hon. Denise Page Hood

_____

MICHAEL A. MASON, TRUSTEE and
BARBARA DUGGAN,

      Appellants,

v.

(Bankruptcy Case No. 12-32264)
(Adv. Proc. No. 12-03341)

CHRISTOPHER D. WYMAN,

      Appellee.
_____/

## ORDER DENYING LEAVE TO FILE INTERLOCUTORY APPEAL, DENYING EMERGENCY MOTION, DISMISSING APPEAL FROM BANKRUPTCY COURT and CLOSING ACTION

### I.   BACKGROUND

This is the third separate action filed involving the underlying bankruptcy action, In re Christopher D. Wyman.  (See, Case Nos. 14-13047, 14-13451)  The instant appeal involves a different adversary numbers from the other two actions before the Court.

Appellants Barbara Duggan and Trustee Michael Mason filed an appeal from

a Bankruptcy Court Order Denying Motion for Summary Judgment. Although the designation on the Court's docket is that this an appeal from the Bankruptcy Court, it appears that Appellants are essentially seeking leave to appeal since the denial of the summary judgment motion is not a final order. (Doc. No. 1, Pg ID 1-3; Pg ID 5) Appellants also filed an Emergency Motion for Summary Reversal, or, in the alternative, for an Order Expediting Appeal and Staying Resumption of Trial under Fed. R. Bankr. 8013(a)(2)(B).

On February 10, 2015, a trial began on two consolidated adversary proceedings in the Wyman bankruptcy matter, seeking to recover preferential transfers and fraudulent transfers from Debtor Wyman to Diana Kaye Gentry, Wyman's ex-wife. Based on certain admissions made on the record on the first day of trial, Appellant Trustee brought a Motion for Summary Judgment against Debtor Wyman and Gentry. The Bankruptcy Court denied the summary judgment motion against Gentry in an order dated April 10, 2015. The Bankruptcy Court denied the summary judgment motion against Debtor Wyman in an order dated May 21, 2015, which is the subject of this appeal. The Bankruptcy Court issued its opinion on the record on May 20, 2015. Appellant did not file a transcript of the May 20, 2015 opinion from the bench.

Trial continued on April 21, 2015 and was further continued to July 28, 2015. Appellants filed their Emergency Motion on July 17, 2015 seeking to either reverse

the Rule 37 and Equipment Orders issued by the Bankruptcy Court. The hearing on the Emergency Motion was scheduled for July 27, 2015 to accommodate the impending July 28, 2015 trial continuation before the Bankruptcy Court. At the hearing before this Court, the parties indicated to the Court that the Bankruptcy Court adjourned the scheduled July 28, 2015 trial continuation pending this Court's ruling on the Appellants' Emergency Motion. Despite seeking a stay of the resumption of the July 28, 2015 trial, Appellants at the hearing indicated that the Bankruptcy Court should move forward with the trial on July 28, 2015.

At the hearing, the Court indicated that this instant action involved a denial of a summary judgment motion and the Emergency Motion regarding Rule 37 and Equipment Orders. The parties indicated that the summary judgment motion appeal was a separate appeal from the appeal of the Emergency Motion. The Court thereafter reviewed the Court's docket and now notes the instant appeal, Case No. 15-12031, is an appeal from a summary judgment motion denial. (See, Doc. No. 1, Pg ID 2) The Emergency Motion involving the Rule 27 and Equipment Orders and responses to the Emergency Motion are filed in the instant appeal docket, Case No. 15-12031, along with the appeal of the summary judgment motion denial. (See Doc. Nos. 6, 9, 10, 11)

It appears that a fourth appeal was filed by the Trustee on July 10, 2015, Case No. 15-12459, *In re Christopher D. Wyman, Debtor*. This fourth appeal involves

3

Bankruptcy Case No. 12-32264, Adv. No. 12-03347. The Orders appealed from in Case No. 15-12459 involves the Rule 37 and Equipment Orders. (Case No. 15-12459, Doc. No. 2, Pg ID 3) The parties, however, filed the Emergency Motion involving the Rule 37 and Equipment Orders in Case No. 15-12031. Since the parties filed the Emergency Motion in Case No. 15-12031, the Court will address the Emergency Motion in this case number, but the ruling applies in the fourth appeal, Case No. 15-12459.

## II.   LEAVE TO APPEAL STANDARD

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction over appeals from "final judgments, orders, and decrees" of bankruptcy courts. "For purposes of appeal, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Janna W. Cundiff,* 227 B.R. 476, 477 (6th Cir. BAP 1998); *Catlin v. United States,* 324 U.S. 229, 233 (1945). An order confirming a plan of reorganization constitutes a final judgment in bankruptcy proceedings. *Sanders Confectionery Products, Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir.1992). A "final" order or decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233 (1945). If the order appealed from is not a final order, under 28 U.S.C. § 158(a)(3), a district court has jurisdiction "with leave of the court, from other

interlocutory orders and decrees" from the bankruptcy court. 28 U.S.C. § 158(a)(3). The Supreme Court has held that in the ordinary bankruptcy case, a confirmation order or dismissal of a bankruptcy action is a final order. *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1394 (2015). "[I]nterlocutory bankruptcy appeals should be the exception, rather than the rule." *In re A.P. Liquidating Co.,* 350 B.R. 752, 755 (E.D. Mich. 2006). In such circumstances, a district court "may permit an appeal to be taken from an order certified for interlocutory appeal if (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 755; *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002).

### III. APPEAL FROM ORDER DENYING MOTION FOR SUMMARY JUDGMENT

As required under 28 U.S.C. § 1292, the Court is to review the Bankruptcy Court's decision to determine the correctness of the decision. Because there is no transcript of the Bankruptcy Court's opinion as to why the summary judgment motion was denied, the Court cannot determine if leave to appeal should be granted under 28 U.S.C. § 1292. Appellants were on notice as to the requirement to file the appropriate bankruptcy record. (See, Doc. No. 4, Appellants' Response re Record on Appeal) The Bankruptcy Rule 8003 provides that a copy of the order complained of and any

opinion or memorandum relating thereto must be submitted. Bankr. R. 8003(a). Appellants have not met their high burden in showing that an interlocutory appeal, which is an exception rather than the rule, should be granted. The Court denies Appellants' leave to file an appeal and dismisses the appeal from the denial of a summary judgment motion before the Bankruptcy Court.

### III. EMERGENCY MOTION FED. R. BANKR. 8013(D) FOR SUMMARY REVERSAL, OR, IN THE ALTERNATIVE, FOR ORDER EXPEDITING APPEAL AND STAYING RESUMPTION OF TRIAL UNDER FED. R. BANKR. 8013(A)(2)(b).

The Appellee asserts the two Orders subject of the Emergency Motion, a Rule 37 Order and an Equipment Order issued by the Bankruptcy Court, are not final orders. The Rule 37 Order imposes on Appellants a Rule 37(c)(1) sanction barring them from introducing testimony and/or exhibits which were not identified in the Joint Final Pretrial Order dated January 31, 2015 at the trial re-commencing July 28, 2015. (Doc. No. 6, Pg ID 125) The Order Regarding Motion to Use Equipment denied Defendant Gentry Sales, Inc. from using certain equipment for its business. (Doc. No. 6, Pg ID 140)

The Rule 37 sanctions order and the Use Equipment order are not a final appealable order since there is no final judgment on the merits. *See, Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002); *New Pacific Overseas Group (U.S.A.), Inc. v. Excal Int'l Dev. Corp.*, 252 F.3d 667,

669 (2d Cir. June 2001); *In re Fernanders,* 2015 WL 4430224 at *2 (E.D. Mich. July 20, 2015). As noted by the parties, trial is ongoing in this matter. Appellants have not submitted the Bankruptcy Court's reasons set forth on the record relating to both orders. The Court is unable to determine the correctness of the Bankruptcy Court's decision without reviewing the reasons for the entry of the two orders. Appellants have not met the heavy burden for an interlocutory appeal. *See, Pacific Employers Ins. Co. v. Sav-a-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002)(applying 28 U.S.C. § 1292 standard for interlocutory appeal).

**IV.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Notice of Appeal From Bankruptcy Court **(Doc. No. 1)** is DISMISSED for lack of jurisdiction. The Court denies Appellants' Request for Leave to File an Interlocutory Appeal **(Doc. No. 1)**.

IT IS FURTHER ORDERED that the Emergency Motion for Summary Reversal, or in the Alternative for Order Expediting Appeal and Staying Resumption of Trial **(Doc. No. 6)** is DENIED.

IT IS FURTHER ORDERED that this bankruptcy appeal action is designated CLOSED on the Court's docket.

        S/Denise Page Hood
        Denise Page Hood
        United States District Judge

Dated: July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager